**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **B.B., L.M., M.M., B.M., E.C.-M., and R.S.**

**No. 22-638** (Harrison County 21-JA-265-2, 21-JA-266-2, 21-JA-269-2, 21-JA-270-2, 21-JA-271-2, and 21-JA-272-2)

## MEMORANDUM DECISION

Petitioner Father G.S.[1] appeals the Circuit Court of Harrison County's June 29, 2022, order terminating his parental and custodial rights to B.B., L.M., M.M., B.M., E.C.-M., and R.S.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November of 2021, the DHHR filed a petition against petitioner and C.S. (the mother of M.M., E.C.-M., and R.S.) alleging that the couple engaged in acts of domestic violence and that petitioner chronically sexually abused all four female children in the house, then ranging in ages from ten to fourteen.[3] The DHHR further alleged that petitioner and C.S. emotionally abused the children and that the allegations of abuse constituted aggravated circumstances. The DHHR filed an amended petition in January of 2022 containing information reported from the children's child advocacy center ("CAC") interviews corroborating the allegations of petitioner's chronic sexual abuse of the four female children.

The circuit court held an adjudicatory hearing in January of 2022. The DHHR moved for the admission of the children's CAC interviews, and the court accepted them into evidence. The forensic interviewer testified that then-fourteen-year-old B.B. disclosed suffering from petitioner's sexual abuse since she was seven years old, and that petitioner had sexually abused the other female siblings. B.B. reported that petitioner asked her for sex many times and attempted to bargain

---

[1]Petitioner appears by counsel Dean R. Morgan. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Dreama D. Sinkkanen appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]The underlying matter involved other children and adult respondents who are not at issue in this appeal.

with her for sex. The interviewer explained that M.M. and B.M., likewise, disclosed sexual abuse by petitioner and stated that they told C.S. but that C.S. failed to protect them. B.M. also recalled an incident wherein petitioner drove off with the children in the car and left C.S. at a state park. B.M. reported witnessing numerous incidents of petitioner's violent behavior such as recklessly speeding and punching walls. B.M. also told the interviewer that the home never had enough water and that the children were forced to reuse water to bathe. The interviewer next described another child (who is not at issue) reporting that she too was sexually abused by petitioner, that she witnessed petitioner sexually abuse M.M., and that she caught petitioner filming herself and B.B. in the bathroom. When the interviewer questioned E.C.-M., that child also disclosed petitioner's sexual abuse and stated that M.M. was abused the most because she was quiet. The interviewer later explained that M.M. was unresponsive during her interview as she "shut down" and curled into a ball.

During the hearing, C.S. testified that she and petitioner regularly engaged in domestic violence in the home and that she believed the children's disclosures of petitioner's sexual abuse. Petitioner did not testify and invoked his Fifth Amendment right against self-incrimination. The court advised petitioner that his silence may be used as affirmative evidence against him in this abuse and neglect proceeding. Based on the evidence presented, the court adjudicated petitioner as an abusing parent due to his chronic sexual abuse of the female children and his emotional abuse of all the children.

The circuit court held a dispositional hearing in May of 2022, during which the court took judicial notice of all prior evidence. The DHHR presented evidence that petitioner refused to participate in services and failed to acknowledge any wrongdoing. Petitioner did not testify. The circuit court noted that petitioner had not acknowledged the abuse that led to the filing of the petition and that the DHHR was relieved of its duty to make reasonable efforts to reunify the family due to the aggravated circumstances of petitioner's chronic sexual abuse. The court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination of petitioner's parental and custodial rights was necessary for the children's welfare. Consequently, the court terminated petitioner's parental and custodial rights by order entered on June 29, 2022.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in adjudicating him as an abusing parent. However, the evidence below supports petitioner's adjudication under a clear and convincing standard. *See* W. Va. Code § 49-4-601(i) (requiring a circuit court to find, "by clear and convincing evidence," that a parent has abused and/or neglected a child at the conclusion of the adjudicatory hearing); *In re F.S.*, 233 W. Va. 538, 546, 759 S.E.2d 769, 777 (2014) (explaining that "'clear and convincing' is the measure or degree of proof that

---

[4]B.B., L.M., and B.M. were reunified with their respective mothers. C.S., the mother of M.M., E.C.-M., and R.S., is participating in an improvement period. The permanency plan for those children is adoption by the maternal grandparents if C.S.'s parental rights are terminated. E.C.-M.'s father's parental rights were terminated below.

will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established").

While petitioner claims the evidence below was not credible, he fails to recognize that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). The evidence presented at adjudication was that petitioner sexually abused all four of the female children (as well as another girl not at issue in this appeal) for years. Four of the five victims disclosed corroborating acts of sexual abuse, and the fifth victim (M.M.) was apparently too traumatized to be interviewed. Notably, C.S. also admitted that the home was unsafe due to repeated acts of domestic violence, and she stated that she believed the victims' sexual abuse claims against petitioner. Ostensibly, petitioner chose not to testify, and, as such, his silence could be used affirmatively against him. *See* Syl. Pt. 2, *W. Va. Dep't of Health & Hum. Res. ex rel. Wright v. Doris S.*, 197 W. Va. 489, 475 S.E.2d 865 (1996), in part ("Because the purpose of an abuse and neglect proceeding is remedial, where the parent . . . fails to respond to probative evidence offered against him . . . a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability."). Petitioner's conduct fits squarely within the statutory definition of abuse and neglect. *See* W. Va. Code § 49-1-201 (defining an abused child as one who suffers from "sexual abuse or sexual exploitation"). The evidence against petitioner was overwhelming, and we find no error in the circuit court's adjudication of petitioner as an abusing parent.

Petitioner also argues that the circuit court erred in terminating his parental rights and in finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. Upon our review, we find no merit to petitioner's argument. West Virginia Code § 49-4-604(d)(5) defines "no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected" to exist when "the abusing parent or parents have . . . sexually abused or sexually exploited the child and . . .the potential for further abuse and neglect is so great as to preclude the use of resources to mitigate or resolve family problems[.]" The circuit court found that petitioner's sexual abuse of the children was "severe" and termination was necessary to protect them from further abuse. Accordingly, the circuit court did not err in terminating petitioner's parental and custodial rights to the children. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed . . . when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 29, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn